### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY JULIAN HILL, individually and as Next Friend of AMH, a minor child, and LEH, a minor child, <br><br> Plaintiffs, <br><br> vs. <br><br> JENNIFER TEEL, an individual; <br> JAMES TEEL, an individual; <br> DOUGLAS FRIESEN, an individual, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. CIV-08-1336-M |

## ORDER

Before the Court are defendants Jennifer Teel and James Teel's motion to dismiss and defendant Douglas Friesen's motion to dismiss. The matter has been fully briefed, and based upon the parties' submissions, the Court makes its determination.

Plaintiffs, Larry Julian Hill ("Hill"), AMH, and LEH (the "Children"), have brought this action seeking damages for injuries allegedly sustained by them when their private conversations were recorded without their permission by defendant Jennifer Teel, Hill's ex-wife and mother of the Children, defendant James Teel, defendant Jennifer Teel's current husband, and defendant Douglas Friesen, the Teels' attorney. Plaintiffs assert, in part, that defendants' interception of these conversations violate Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520 ("Title III").

Defendants now move this Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Specifically, defendants contend that the consent exception contained in 18 U.S.C. § 2511(2)(d) applies in this case to exempt them from liability.

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).  In order to survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Schneider*, 493 F.3d at 1177 (emphasis in original).

The consent exception contained in § 2511(2)(d) provides:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(d).  Defendants assert that the above exception applies in this case because defendant Jennifer Teel, as a parent of the Children, consented to the wiretapping for them.  Whether defendant Jennifer Teel had the authority to consent for the Children for purposes of § 2511(2)(d), however, involves, in part, a factual determination of defendant Jennifer Teel's motives for intercepting the communications.  *See Thompson v. Dulaney*, 970 F.2d 744, 749 (10th Cir. 1992).

Because the Court finds that the consent exception is not established on the face of the Complaint and that defendant Jennifer Teel's motives are not apparent from a review of the Complaint, the Court finds that plaintiffs' Title III claim should not be dismissed on the basis of the consent exception.

Additionally, the Tenth Circuit has held that Title III does not apply in a situation where a minor child sues his custodial parent for telephone interceptions made within the family home. *Newcomb v. Ingle*, 944 F.2d 1534, 1535-36 (10th Cir. 1991). While it appears likely that plaintiffs AMH and LEH may not be able to maintain a cause of action under Title III, the Court finds said determination cannot be made in this case based only upon a review of the Complaint. Because it is not clear where and how said interceptions occurred, the Court finds that it cannot dismiss plaintiffs AMH and LEH's Title III claims at this time.

Finally, having carefully reviewed the Complaint, the Court finds that plaintiffs have set forth enough facts to state a claim to relief that is plausible on its face. The Court, therefore, finds that this action should not be dismissed.

Accordingly, the Court DENIES defendants Jennifer Teel and James Teel's motion to dismiss [docket no. 3] and DENIES defendant Douglas Friesen's motion to dismiss [docket no. 4].

**IT IS SO ORDERED this 6th day of July, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE