# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

LARRY JULIAN HILL, individually and
as Next Friend of AMH, a minor child,
and LEH, a minor child,

      Plaintiffs,

vs.                                   Case No. CIV-08-1336-M

JENNIFER TEEL, an individual;
JAMES TEEL, an individual;
DOUGLAS FRIESEN, an individual,

      Defendants.

JENNIFER TEEL, an individual,

      Third Party Plaintiff,

vs.

GINA LYNN HILL, an individual,
ANITA SANDERS, an individual,

      Third Party Defendants.

## ORDER

Before the Court are third party defendant Gina Lynn Hill's ("Hill") Motion to Dismiss and third party defendant Anita Sanders' ("Sanders") Motion to Dismiss, both filed May 4, 2010. On May 24, 2010, third party plaintiff Jennifer Teel ("Teel") filed her response.

Teel has filed a Third-Party Complaint seeking damages for injuries sustained by her when private conversations between her and her children were allegedly recorded without permission by Hill and Sanders. Specifically, Teel has brought federal claims under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520 ("Title III") and a state law claim for invasion of privacy/intrusion of seclusion. Hill and Sanders now move to dismiss Teel's Third-Party

Complaint because the applicable statute of limitations has expired. In her response, Teel asserts that she was unaware of the specific nature of participation by Hill and Sanders until plaintiff's reply to her counter-claim was filed on November 19, 2009 and that these circumstances permit the Court to toll the statute of limitations.

The statute of limitations for a cause of action brought under Title III provides: "[a] civil action under [section 2520] may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e). "Under section 2520(e), the cause of action accrues when the claimant has a reasonable opportunity to discover the violation, not when she discovers the true identity of the violator or all of the violators." *Andes v. Knox*, 905 F.2d 188, 189 (8th Cir. 1990).

In her Third-Party Complaint, Teel alleges the violations occurred between 2004-2007. Thus, the Court finds that Teel's causes of action accrued, at the latest, in 2007 and not when she discovered that Hill and Sanders allegedly participated in the alleged violations. Because Teel did not file her Third-Party Complaint until April 13, 2010, the Court finds that Teel's causes of action brought under Title III are barred by the two year statute of limitations and should be dismissed.

The statute of limitations for a cause of action for invasion of privacy/intrusion of seclusion is also two years. *See* Okla. Stat. tit. 12, § 95(3) ("Within two (2) years: . . . an action for injury to the rights of another, not arising on contract . . . ."). For the same reasons set forth above, the Court finds that Teel's state law cause of action for invasion of privacy/intrusion of seclusion is barred by the two year statute of limitations and should be dismissed.

Accordingly, the Court GRANTS Hill's Motion to Dismiss [docket no. 37] and Sanders' Motion to Dismiss [docket no. 35] and DISMISSES Teel's Third-Party Complaint [docket no. 29].

**IT IS SO ORDERED this 21st day of July, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE